**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE**

| | |
|---|---|
| TASHA VYE, Individually and on Behalf of All Other Persons Similarly Situated, ) ) ) | |
| Plaintiff, ) ) | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| v. ) ) | |
| HANNAFORD BROS. CO., LLC, ) Defendant. ) ) ) ) | **Jury Trial Demanded**<br>Civil Action No.  _____ |

## <u>INTRODUCTION</u>

Plaintiff Tasha Vye, individually and on behalf of all others similarly situated, files this Collective and Class Action Complaint (the "Complaint") against Defendant Hannaford Bros. Co., LLC ("Defendant" or "Hannaford") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201, *et. seq*; the Maine Employment Practices Act, 26 M.R.S. §§ 621-A, 626, 626-A, and 629(l); the Maine Minimum Wage and Overtime Law, 26 M.R.S. §§ 664 and 670; Maine's Timely and Full Payment of Wages Law, 26 M.R.S. §§ 621-A and 626; Maine's Rest Break Law, 25 M.R.S. §§ 601-602, and their supporting regulations (collectively "Maine Law"), and/or similar laws in effect in other states in which Defendant operated.  The following allegations are based on Plaintiff's personal knowledge and belief and upon information made known to Plaintiff.

## <u>NATURE OF THE ACTION</u>

1.      Plaintiff alleges under the FLSA on behalf of herself and other current and former salary-paid department manager-titled positions below the level of Store Manager and Assistant Store Manager (excluding the "Evening Operations Manager" position) in Defendant's stores,

including but not limited to Bakery (or Bakery Sales) Managers, Deli (or Deli Sales) Managers, Deli/Bakery (or Deli/Seafood, or Deli/Seafood Sales, or Deli/Bakery Sales) Managers, Produce (or Produce Sales) Managers, Meat Market (or Meat Market Sales) Managers, Meat/Seafood (or Meat Market/Seafood, or Meat Market/Seafood Sales) Managers, (collectively "Department Managers" or "DMs"), and current and former salary-paid Assistant-titled or Trainee-titled employees working those same departments, all below the level of Store Manager and Assistant Store Manager (excluding the "Evening Operations Manager" position) in Defendant's stores (collectively "Assistant Department Managers or Trainees" or "ADMs"), at any of Defendant's stores within the United States who were paid a salary by Defendant but were not paid overtime premiums for working more than 40 hours in a workweek within the applicable FLSA limitations period (the "Putative Collective" or "Putative Collective Action Members") and who elect to opt into this action pursuant to the FLSA, 29 U.S.C. § 216(b) (the "Collective" or "Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked in excess of 40 in a workweek, as required by law, and (ii) liquidated damages, interest, and reimbursement of attorney's fees and costs, pursuant to the FLSA, 29 U.S.C. § 201, *et seq*.

2.     Plaintiff Vye, pursuant to Fed. R. Civ. P. 23, also brings this case on a class action basis on behalf of herself and all other DMs and ADMs who were paid a salary by Defendant but were not paid overtime premiums for working more than 40 hours in a workweek in the state of Maine during the applicable limitations period(s) under Maine law (the "Rule 23 Class Members"), and/or under similar laws in effect in other states on behalf of all other DMs and ADMs who worked those positions in those other states during the applicable period relevant to those other state laws.[1]  Plaintiff alleges that the Rule 23 Class Members and all other DMs and

---

[1] Such laws, as it may be determined, include, but are not limited to, (1) for Massachusetts violations occurring after October 27, 2023, M.G.L. c. 151, § 1A for failure to pay overtime, M.G.L. c. 136, § 6 for

ADMs who worked those positions in other states during the applicable period relevant to those other state laws, are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above forty (40) hours in a workweek, as required by law, and (ii) liquidated damages, penalties, interest, reimbursement of attorney's fees and costs, and all other available relief under the applicable statutes pursuant to Maine law and/or similar laws in effect in other states as applicable.

3.     Plaintiff Vye, individually and on behalf of all other DMs and ADMs who terminated employment with Defendant, makes demand for the prompt payment of all unpaid wages due and owing under Maine Law, and, pursuant to Fed. R. Civ. P. 23, brings this class action on behalf of a subclass including herself and all other DMs and ADMs who suffered damages due to failure to pay required overtime wages upon termination under 26 M.R.S. § 626 as a result of Defendant's violations of Maine Law in the state of Maine during the applicable limitations period under Maine law (the "Maine Termination Subclass Members").

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.     This Court has jurisdiction over the Plaintiff's Maine Law claims, and state law claims under similar laws in effect in other states, pursuant to 29 U.S.C. § 1367.

6.     Venue is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims occurred in this District, Plaintiff worked for Defendant in this

---

failure to pay premium wages for work performed on Sundays, and/or M.G.L. c. 136, § 13, for failure to pay premium wages for work on covered holidays; and (2) the New York Labor Law § 160 and N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2, as well as New York Labor Law § 193 prohibiting improper deductions, and leading to violations of New York Labor Law § 191, requiring prompt payment of wages earned, and for liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. § 260 and NYLL § 198.

District, Defendant is a Maine limited liability corporation, Defendant operated store locations in this District, and Defendant is domiciled and maintains its corporate headquarters in this District.

7.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

*I.      The Plaintiff*

8.      Plaintiff Vye is an individual residing in Lewiston, Maine.

9.      Plaintiff Vye was employed by Hannaford as a Bakery Manager from approximately April 2021 to September 2022, in the Lewiston, Maine store location, after working two other positions in two other Maine store locations at which she observed that the DM positions were substantially similar regardless of store location.

10.     Plaintiff Vye worked in excess of 40 hours per workweek in one or more workweeks, without receiving payment of overtime premiums for hours worked over 40 in those workweeks.

11.     Plaintiff Vye worked in excess of 40 hours per workweek in one or more workweeks, without receiving overtime premiums to date for overtime hours worked as required by the FLSA and Maine Law.

*II.     The Defendant*

12.     Defendant Hannaford Bros. Co., LLC is a limited liability company that was formed and organized under the laws of Maine, with its corporate headquarters at 145 Pleasant Hill Road, Scarborough, Maine 04074, and may be served with process on its registered agent, Corporation Service Company, 45 Memorial Circle, Augusta, ME 04330.

13.     According to the website of its corporate parent company, Ahold Delhaize (https://www.aholddelhaize.com/brands/hannaford/), Defendant operates 187 grocery stores. Hannaford's website (https://stores.hannaford.com/) states that it operates stores in Maine (68), Massachusetts (16), New Hampshire (36), New York (52), and Vermont (17).

14.     At all times relevant, Defendant has been an employer within the meaning of Section 3(d) of the FLSA (29 U.S.C. § 203(d)).

15.     At all times relevant, Defendant had gross annual sales volume in excess of $500,000.00 per calendar year.

16.     At all times relevant, Defendant was a covered enterprise within the meaning of that term under the FLSA.

17.     At all times relevant, Defendant employed at least one employee and was therefore covered as an "employer" under Maine Law.

18.     Defendant issued paychecks to Plaintiff and all similarly situated DMs/ADMs during their employment within the relevant periods.

19.     Defendant suffered, permitted or directed the work of Plaintiff and the Putative Collective Action Members, and Defendant benefited from work performed by Plaintiff and the Putative Collective Action Members.

20.     Pursuant to Defendant's policy, pattern, and practice, Defendant did not pay Plaintiff and the Putative Collective Action Members proper overtime wages for hours they worked for Defendant's benefit in excess of 40 hours in a workweek.

## FACTUAL ALLEGATIONS

21.     Defendant employed Plaintiff, the Putative Collective Action Members, and the Rule 23 Class Members within the relevant periods.

22.     Defendant maintained control, oversight, and discretion over the operation of its stores, including its employment practices with respect to Plaintiff, the Putative Collective Action Members, and the Rule 23 Class Members, within the relevant periods.

23.     Plaintiff, the Putative Collective Action Members, and the Rule 23 Class Members performed work as DMs or ADMs that was integrated into the normal course of Defendant's business, within the relevant periods.

24.     Consistent with Defendant's policy, pattern and practice, Plaintiff, the Putative Collective Action Members, and the Rule 23 Class Members regularly worked in excess of 40 hours per workweek without being paid overtime premium wages, in violation of the FLSA and Maine Law and/or similar laws in effect in other states, as applicable.  For example, Plaintiff Vye worked more than 40 hours as a DM during the workweeks ending August 6, 2022, and August 27, 2022.

25.     Hannaford assigned all of the work performed by Plaintiff, the Putative Collective Action Members, and the Rule 23 Class Members and is aware of all the work that they have performed, within the relevant periods.

26.     This work required no capital investment.  Nor did it include primarily managerial responsibilities, or the exercise of meaningful independent judgment and discretion.

27.     During the FLSA relevant period and the relevant periods pertaining to the Maine Law claims, Plaintiff, the Putative Collective Action Members, and the Rule 23 Class Members performed the same primary job duties: selling the grocery products and services that constitute Defendant's marketplace offerings, helping and serving customers, cleaning, checking to make sure that supplies were properly shelved, checking inventory, and similar duties.

28.     Throughout the relevant periods, the primary job duties of Plaintiff and all similarly situated Putative Collective Action Members and Rule 23 Class Members did not include: hiring, firing, disciplining, or directing the work of other employees, or exercising meaningful independent judgment and discretion.

29.     Throughout the relevant periods, the primary job duties of Plaintiff, the Putative Collective Action Members, and the Rule 23 Class Members did not materially differ from the duties of non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature.  The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's working hours.

30.     Pursuant to a centralized, company-wide policy, pattern, and practice, Defendant classified all Putative Collective Action Members as exempt from the overtime provisions of the FLSA and Maine Law and/or similar laws in effect in other states, within the relevant periods.

31.     Upon information and belief, Defendant did not perform a person-by-person analysis of the job duties of the Putative Collective Action Members when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA and Maine Law and/or similar laws in effect in other states during their employment in the relevant periods.

32.     Upon information and belief, pursuant to a centralized, company-wide policy, pattern and practice, Defendant announced that it would be reclassifying all salary-paid DM and ADM positions to non-exempt overtime-eligible positions, effective within the next several weeks.

33.     Upon information and belief, Defendant did not perform a person-by-person analysis of the job duties of Plaintiff and the Putative Collective Action Members when making

the decision to reclassify those positions to non-exempt under the overtime protections of the FLSA and Maine Law and/or similar laws in effect in other states.

34.     Throughout the relevant periods, Defendant established labor budgets to cover labor costs for the stores in which Plaintiff and the Putative Collective Action Members worked. The wages of Defendant's store-level employees were deducted from the labor budgets. However, Defendant did not provide sufficient money in the labor budgets to cover all hours needed to complete the necessary manual and non-exempt tasks in each store.  Defendant knew or recklessly disregarded the fact that the underfunding of store labor budgets resulted in Plaintiff and other Putative Collective Action Members (who were not paid overtime) working more than 40 hours in a workweek without receiving any overtime premium compensation, which allowed Defendant to avoid paying additional wages (including overtime) to the store-level employees it classified as non-exempt.

35.     Throughout the relevant period, Defendant knew—by virtue of the fact that its Store Managers, Assistant Store Managers, and their managers (as its authorized agents) actually saw Plaintiff and other Putative Collective Action Members perform primarily manual labor and non-exempt duties—that as a result of the underfunded labor budgets, the amount of money available to pay non-exempt employees to perform such work was both limited and insufficient.  Within the relevant periods, Defendant knew that Plaintiff and other Putative Collective Action Members were primarily performing the work of non-exempt employees and, based on their actual job duties, they did not fall within any exemptions to the protections of the FLSA or Maine Law.  Inasmuch as it is a substantial corporate entity aware of its obligations under the FLSA and Maine Law and/or similar laws in effect in other states, Defendant acted

willfully or recklessly in failing to classify and pay Plaintiff and the Putative Collective Action Members as non-exempt employees throughout the relevant periods.

36.     Throughout the relevant periods, Defendant is and was aware or should have been aware, through the Store Managers, Assistant Managers, and their managers (as its authorized agents), that Plaintiff and the Putative Collective Action Members were primarily performing non-exempt duties. As a supermarket chain operating over 180 locations in the United States and over 65 locations in Maine, Defendant knew or recklessly disregarded the fact that the FLSA and Maine Law and/or similar laws in effect in other states required Defendant to pay non-exempt employees an overtime premium for hours worked in excess of 40 per workweek.

37.     Defendant's unlawful conduct, as described above, was willful or in reckless disregard of the FLSA and Maine Law and/or similar laws in effect in other states and was accomplished through Defendant's centralized, company-wide policy, pattern, and practice of paying these positions as overtime ineligible and attempting to minimize labor costs by violating the FLSA and Maine Law and/or similar laws in effect in other states.

38.     As part of its regular business practice within the relevant periods, Defendant intentionally, willfully, and repeatedly engaged in a policy, pattern, and practice of violating the FLSA and Maine Law with respect to Plaintiff, the Putative Collective Action Members and the Rule 23 Class Members.  This policy, pattern, and practice includes, but it is not limited to, Defendant's knowledge of its obligations and the kind of work that Plaintiff, the Putative Collective Action Members, and the Rule 23 Class Members were, and have been, performing. As a result, Defendant has:

a.     willfully misclassified Plaintiff, the Putative Collective Action Members, and the Rule 23 Class Members;

b.      willfully failed to pay Plaintiff, the Putative Collective Action Members, and the Rule 23 Class Members overtime wages for hours they worked in excess of 40 hours per week; and

c.      willfully failed to provide enough money in their store-level labor budgets for non-exempt employees to perform their duties and responsibilities, forcing Plaintiff, the Putative Collective Action Members, and the Rule 23 Class Members to perform such non-exempt tasks.

39.      Defendant's willful violations of the FLSA and Maine Law are further demonstrated by the fact that during the relevant periods, Defendant has failed to maintain accurate and sufficient time records for Plaintiff and the Putative Collective Action Members and the Rule 23 Class.  Defendant acted recklessly or in willful disregard of the FLSA and Maine Law by instituting a policy and practice that did not allow Plaintiff to record all hours worked during the relevant periods.

40.      Defendant's willful violations of the FLSA and Maine Law and/or similar laws in effect in other states are further demonstrated by the fact Plaintiff complained to her Assistant Store Manager about working excessive hours beyond scheduled hours without receiving additional pay for doing so including at and around the time of her resignation from employment, yet by August 2024 Defendant still had not reclassified the DM positions at issue to be non-exempt.

41.      Defendant's willful violations of the FLSA and Maine Law and/or similar laws in effect in other states are further demonstrated by the fact that prior litigation asserting that DMs were misclassified put Defendant on inquiry notice that its DM positions were misclassified as

exempt, yet by August 2024 Defendant still had not reclassified the DM positions at issue to be non-exempt.

42.     Defendant's willful violations of the FLSA and Maine Law and/or similar laws in effect in other states are further demonstrated by the fact that Defendant settled prior litigation asserting that DMs were misclassified by Defendant, including entering into a Massachusetts state law class action settlement agreement signed in September 2023 on behalf of a class of over 100 DMs who worked in Massachusetts in the consolidated case captioned as *Judith Prinzo, et al. v. Hannaford Bros. Co., LLC*, U.S. District Court for the District of Massachusetts, Case Nos. 1:21-cv-11901-WGY and 1:22-cv-10672- WGY, yet by August, 2024 Defendant still had not reclassified the DM positions at issue to be non-exempt.

43.     Due to the foregoing, Defendant's failure to pay overtime wages for work performed by the Putative Collective Action Members and the Rule 23 Class Members in excess of 40 hours per workweek was willful or reckless, and has been widespread, repeated, and consistent.

## **FLSA COLLECTIVE ACTION ALLEGATIONS**

44.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute her FLSA claims as a Collective Action on behalf of all Putative Collective Action Members at any time during the FLSA relevant period.

45.     Defendant is liable under the FLSA for, *inter alia*, failing to pay premium overtime wages to Plaintiff and the Putative Collective Action Members during the FLSA relevant period for all hours worked over 40 in any given workweek.

46.     Upon information and belief, there are likely hundreds of Putative Collective Action Members who were not paid premium overtime wages in violation of the FLSA and who

would benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join.  Thus, notice should be sent to the Putative Collective Action Members pursuant to 29 U.S.C. § 216(b).

47.     The Putative Collective Action Members are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## MAINE LAW CLASS ALLEGATIONS

48.     Plaintiff Vye, pursuant to Fed. R. Civ. P. 23, brings this class action on behalf of herself and the Rule 23 Class Members.  Plaintiff alleges that the Rule 23 Class Members are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above forty (40) hours in a workweek, as required by law, and (ii) liquidated damages, penalties, interest, reimbursement of attorney's fees and costs, and all other available relief under the applicable statutes pursuant to Maine law.

49.     Plaintiff Vye, pursuant to Fed. R. Civ. P. 23, also brings this class action on behalf of herself and the Maine Termination Subclass Members. Plaintiff alleges that the Rule 23 Class Members and the Maine Termination Subclass Members are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked above forty (40) hours in a workweek, as required by law, and (ii) liquidated damages, penalties, interest, reimbursement of attorney's fees and costs, and all other available relief under the applicable statutes pursuant to Maine law.

50.      Upon information and belief, the Rule 23 Class contains more than 40 persons and is so numerous that joinder of all individual members is impracticable.

51.     Upon information and belief, the Maine Termination Subclass contains more than 40 persons and is so numerous that joinder of all individual members is impracticable.

12

52.     Defendant's conduct with respect to Plaintiff Vye and the Rule 23 Class (and Maine Termination Subclass) raises questions of law and fact that are common to the entire class, including whether Defendant employed Plaintiff Vye and all members of the Rule 23 Class within the meaning of Maine Law and/or similar laws in effect in other states; the nature and extent of the class-wide injury and the appropriate measure of damages for the Rule 23 Class (and Maine Termination Subclass); whether Defendant had and has a policy of misclassifying the salary-paid DMs and ADMs as exempt from coverage of the overtime provisions of Maine Law and/or similar laws in effect in other states; whether Defendant failed to pay Vye and all members of the Rule 23 Class (and Maine Termination Subclass) the legally required amount of overtime compensation for hours worked in excess of forty (40) hours per workweek, in violation of Maine Law and/or similar laws in effect in other states; and whether Defendant is liable for all damages claimed by Vye and all members of the Rule 23 Class (and Maine Termination Subclass).

53.     Plaintiff Vye's claims and Defendant's anticipated defenses are typical of the claims or defenses applicable to the entire class.

54.     Plaintiff Vye's interests in pursuing this lawsuit are aligned with the interests of the entire Rule 23 Class (and Maine Termination Subclass).

55.     Plaintiff Vye will fairly and adequately protect the Rule 23 Class Members' (and Maine Termination Subclass members') interests because her experienced and well-resourced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of all Rule 23 Class members (and Maine Termination Subclass members).

56.     A class action provides the fairest and most efficient method for adjudicating the legal claims of all Rule 23 Class Members (and Maine Termination Subclass members).

57.     Defendant violated Maine Law by failing to pay proper overtime wages to Plaintiff Vye and other Rule 23 Class Members (and Maine Termination Subclass members) for workweeks in which they worked over 40 hours.

58.     There are questions of law and fact common to the members of the Rule 23 Class (and Maine Termination Subclass) that predominate over any questions solely affecting the individual members of the Rule 23 Class (and Maine Termination Subclass).

59.     The critical question of law and fact common to Plaintiff Vye and the Rule 23 Class (and Maine Termination Subclass) that will materially advance the litigation is whether Defendant is required by Maine Law to pay Plaintiff Vye and the Rule 23 Class (and Maine Termination Subclass) at a rate of 1.5 times their regular hourly rate for hours worked overtime and/or similar additional amounts under similar laws in effect in other states.

60.     Other questions of law and fact common to the Rule 23 Class (and Maine Termination Subclass) that will materially advance the litigation include, without limitation:

> a.      Whether Defendant can prove that its unlawful policies were implemented in good faith;
>
> b.      Whether Defendant is liable for all damages claimed by Vye and the Rule 23 Class (and Maine Termination Subclass), including, without limitation, compensatory, punitive and statutory damages, interest, penalties, costs and disbursements, and attorneys' fees; and
>
> c.      Whether Defendant should be enjoined from continuing to violate Maine Law in the future and/or similar laws in effect in other states.

61.     Plaintiff Vye's claims are typical of the claims of the members of the Rule 23 Class (and Maine Termination Subclass).  Plaintiff Vye has the same interests in this matter as all other members of the Rule 23 Class (and Maine Termination Subclass).

62.     Plaintiff Vye is an adequate class representative, is committed to pursuing this action and has retained competent counsel experienced in wage and hour law and class action litigation.

63.     Class certification of Plaintiff Vye's claim under Maine Law is appropriate pursuant to FED. R. CIV. P. 23(b)(2) because Defendant has acted or refused to act on grounds generally applicable to the Rule 23 Class (and Maine Termination Subclass), making appropriate both declaratory and injunctive relief with respect to the Rule 23 Class (and Maine Termination Subclass) as a whole.  The members of the Rule 23 Class (and Maine Termination Subclass) are entitled to injunctive relief to end Defendant's common and uniform policy and practice of denying the Rule 23 Class (and Maine Termination Subclass) the wages to which they are entitled.

64.     Class certification of Plaintiff Vye's claim under Maine Law and/or similar laws in effect in other states is also appropriate pursuant to FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Rule 23 Class (and Maine Termination Subclass) predominate over questions affecting only individual members of the Rule 23 Class (and Maine Termination Subclass), and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

65.     Plaintiff Vye knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

## COUNT I
### (FLSA:  UNPAID OVERTIME WAGES)
### (Brought on Behalf of Plaintiff and All Putative Collective Action Members)

66.     Plaintiff, on behalf of herself and all Putative Collective Action Members, re-alleges and incorporates by reference the preceding paragraphs.

67.     Throughout the FLSA relevant period, Defendant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

68.     Throughout the FLSA relevant period, Defendant employed Plaintiff, and employed or continue to employ, each of the Putative Collective Action Members within the meaning of the FLSA.

69.     Throughout the FLSA relevant period, Defendant has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

70.     Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).  *See* Exhibit A.

71.     The overtime wage provisions set forth in 29 U.S.C. § 201, *et seq*., apply to Defendant.

72.     Throughout the FLSA relevant period, Defendant has had a policy and practice of refusing to pay premium overtime compensation to the Putative Collective Action Members for hours worked in excess of 40 hours per workweek.

73.     As a result of Defendant's willful failure to compensate its employees, including Plaintiff and the Putative Collective Action Members, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of 40 hours in a workweek,

throughout the FLSA relevant period, Defendant has violated, and continues to violate, the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

74.     As a result of Defendant's willful failure to record, report, credit, and compensate its employees, including Plaintiff and the Putative Collective Action Members, throughout the FLSA relevant period, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. § 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

75.     As a result of Defendant's policy and practice of minimizing labor costs by underfunding labor budgets for its stores, throughout the FLSA relevant period Defendant knew or recklessly disregarded the fact that Plaintiff and the Putative Collective Action Members were primarily performing manual labor and non-exempt tasks.

76.     Due to Defendant's (a) failure to provide enough labor budget funds; (b) failure to take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and the Putative Collective Action Members; (c) actual knowledge, through its Store Managers, Assistant Managers, and their managers, that the primary duties of Plaintiff and the Putative Collective Action Members were manual labor and other non-exempt tasks; (d) failure to perform a person-by-person analysis of Plaintiff's and the Putative Collective Action Members' job duties to ensure that their jobs primarily required performing exempt job duties; and (e) failure to record, including policies and practices that did not allow Plaintiff and the Putative Collective Action Members to record, all hours worked by those individuals, Defendant knew or showed reckless disregard that its conduct was prohibited by the FLSA under 29 U.S.C. § 255(a).

77.     As a result of Defendant's FLSA violations, Plaintiff, on behalf of herself and the Putative Collective Action Members, is entitled (a) to recover from Defendant her unpaid wages for all of the overtime hours worked, as premium overtime compensation; (b) to recover an additional, equal amount as liquidated damages for Defendant's willful or reckless violations of the FLSA; and (c) recover her unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

78.     Defendant's violations of the FLSA have been willful or reckless within the meaning of the FLSA and thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

**COUNT II**
**(State Law: Unpaid Wages)**
**(Brought on Behalf of Plaintiff Vye and All Rule 23 Class Members)**

79.     Plaintiff Vye, on behalf of herself and all Rule 23 Class Action Members, re-alleges and incorporates by reference the paragraphs preceding Count I.

80.     At all times relevant to this action, Plaintiff was an employee covered by Maine Law and was entitled to receive pay at her regular rate for the first 40 hours worked in a work week and overtime at a rate of one and one-half times her regular rate of pay for all hours over 40 in a workweek.

81.     Defendant violated the provisions of Maine's Wage Payment Statute, 26 M.R.S. § 621-A, by failing to timely pay in full, at regular intervals not to exceed 16 days, all wages earned by Plaintiff and members of the Rule 23 Class (and Maine Termination Subclass) at the regular rate for each hour worked under 40 hours per week and at the overtime rate (one and one-half times the regular rate) for each hour worked over 40 hours per week.  As such,

Defendant is liable to Plaintiff and members of the Rule 23 Class (and Maine Termination Subclass) under 26 M.R.S. § 626-A.

82.     Defendant willfully violated 26 M.R.S. § 621-A.

83.     Defendant's untimely payment of wages and continued refusal to pay wages owed to Plaintiff and members of the Rule 23 Class (and Maine Termination Subclass), constitute violations of 26 M.R.S. § 621-A.

84.     Plaintiff and members of the Rule 23 Class (and Maine Termination Subclass) have suffered economic loss as a result of Defendant's violation of the law and seek redress for these injuries pursuant to 26 M.R.S. § 626-A.

**COUNT III**
**(26 M.R.S. §§ 664, 670: Overtime Wages)**
**(Brought on Behalf of Plaintiff Vye and All Rule 23 Class Members)**

85.     Plaintiff Vye, on behalf of herself and all Rule 23 Class Members (and Maine Termination Subclass Members), re-alleges and incorporates by reference the paragraphs preceding Count I.

86.     Defendant required Plaintiff and the members of the Rule 23 Class (and Maine Termination Subclass) to work more than 40 hours in any one week without paying them one and one-half times their regular rate of pay, in violation of 26 M.R.S. § 664.

87.     Defendant's failures to pay Plaintiff and the members of the Rule 23 Class (and Maine Termination Subclass) one and one-half their regular rate of pay for all hours worked in excess of 40 in a workweek constituted a willful violation of 26 M.R.S. § 664.

88.     Plaintiff and the members of the Rule 23 Class (and Maine Termination Subclass) have suffered economic loss as a result of Defendant's violations of 26 M.R.S. § 664 and seek redress for these injuries pursuant to 26 M.R.S. § 670.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the Putative Collective Action Members, the Rule 23 Class Members, and the Maine Termination Subclass members, is entitled to entry of Judgment declaring Defendant's liability under the claims alleged and an Order providing for the following relief:

a. Designation of this action as an FLSA collective action on behalf of Plaintiff and the Putative Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all members of the Putative Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b);

b. Certification of the Rule 23 Class (and Maine Termination Subclass) as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), and classes under similar laws in effect in other states where Defendant operated, and the appointment of Plaintiff Vye and her counsel to represent the members of the Rule 23 Class (and Maine Termination Subclass) and classes under similar laws in effect in other states where Defendant operated;

c. An injunction requiring Defendant to cease its unlawful practices under, and to comply with, the Maine Law, and/or similar laws in effect in other states;

d. A declaratory judgment that the practices complained of are unlawful under the FLSA and Maine Law, and/or similar laws in effect in other states;

e. An award of unpaid wages for all hours worked and an award of unpaid wages for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay under the FLSA and Maine Law, and

similar laws in effect in other states as applicable, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5);

f.      An award of liquidated and punitive damages as a result of Defendant's willful or reckless failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216 and Maine Law, and/or similar laws in effect in other states as applicable;

g.      An award of prejudgment and post-judgment interest;

h.      An award of costs and expenses of this action, together with reasonable attorneys' and expert fees, and an award of a service payment to the Plaintiff; and

i.      Such other and further relief as this Court deems just and proper.

## <u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, individually and on behalf of the Collective Action Members, the Rule 23 Class, and classes under similar laws in effect in other states where Defendant operated, demands a trial by jury on all questions of fact raised by the Complaint.

Dated: October 2, 2024          By:     */s/ Richard L. O'Meara*
                                        Richard L. O'Meara
                                        MURRAY PLUMB & MURRAY
                                        75 Pearl Street, P.O. Box 9785
                                        Portland, Maine 04104
                                        Telephone: (207) 773-5651
                                        Email: romeara@mpmlaw.com

C. Andrew Head (to seek admission *pro hac vice*)
Bethany A. Hilbert (to seek admission *pro hac vice*)
HEAD LAW FIRM, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
Tel:  (404) 924-4151
Fax: (404) 796-7338
Email: ahead@headlawfirm.com,
bhilbert@headlawfirm.com

Seth R. Lesser (to seek admission *pro hac vice*)
Christopher Timmel (to seek admission *pro hac vice*)
Jessica Rado (to seek admission *pro hac vice*)
KLAFTER LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220
Email: seth@klafterlesser.com
Email: christopher.timmel@klafterlesser.com
Email: jessica.rado@klafterlesser.com

***Attorneys for Plaintiff, the Collective, and the Rule 23 Class***