UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| TASHA VYE, DESTINLYNN SORTINO, MICHAEL SCOTT, and CASSANDRA BAKER, Individually on Behalf of All Other Persons Similarly Situated, | ) | |
| Plaintiffs | ) | |
| v. | ) | No. 2:24-cv-00339-LEW |
| HANNAFORD BROS. CO., LLC, | ) | |
| Defendant | ) | |

**ORDER GRANTING UNOPPOSED MOTION FOR CLASS AND COLLECTIVE ACTION SETTLEMENT PRELIMINARY APPROVAL**

Before the Court is Plaintiffs' Unopposed Motion for Class and Collective Action Settlement Preliminary Approval (ECF No. 103).[1]

Plaintiffs seek an Order (1) preliminarily certifying the Maine Rule 23 Class, Massachusetts Rule 23 Class, and New York Rule 23 Class for settlement purposes under Rule 23 of the Federal Rules of Civil Procedure; (2) preliminarily approving the terms and conditions of the Settlement Agreement; (3) preliminarily appointing Head Law Firm, LLC; Klafter Lesser, LLP; and Murray Plumb & Murray as counsel for the Rule 23 Class Members; (4) preliminarily appointing Plaintiff Tasha Vye as Class Representative for the Maine Rule 23 Class, Plaintiff Cassandra Baker as Class Representative for the

[1] All capitalized terms in this Order shall have the same meaning as defined in the Settlement Agreement (ECF No. 103-2), unless otherwise defined in this Order.

Massachusetts Rule 23 Class, and Plaintiffs DestinyLynn Sortino and Michael Scott as Class Representatives of the New York Rule 23 Class; (5) appointing RG/2 Claims Administration as the Settlement Administrator to perform the duties set forth in the Settlement Agreement; (6) approving the respective Notices to be sent by the Settlement Administrator to Rule 23 Class Members and FLSA Collective Members informing them of the Settlement; (7) approving the Request for Exclusion and Notice of Objection forms to be sent by the Settlement Administrator to Rule 23 Class Members informing them how to object to or exclude themselves from the Settlement; and (8) scheduling a hearing to be held on the final approval of the Settlement Agreement and approval of Plaintiffs' Counsel Award, Class Representative Service Awards, and the Settlement Administration Costs as set forth in the Settlement Agreement pursuant to Rule 23 and 29 U.S.C. § 216(b).

Following review of Plaintiffs' entire submission, I now find that the Parties have made the required "showing that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal."[2] Fed. R. Civ. P. 23(e)(1)(B). The Court determines, on a preliminary basis only, that the proposed settlement likely is fair, reasonable, adequate, and in the best interest of the settlement class, and that the Settlement Agreement likely was the result of arm's length negotiations by experienced counsel, following sufficient discovery. The Court further determines on a preliminary basis that it is likely to be able to grant class certification to the Maine Rule 23 Class, the Massachusetts Rule 23 Class, and the New York Rule 23

[2] Previously, Judge Torreson conditionally certified an FLSA collective in this matter. *See* Order on Pl.'s Mot. for Notice and Conditional Cert. (ECF No. 56).

Class, because the requirements of Rule 23(a) and 23(b)(3) have been met. I also preliminarily find that Head Law Firm, LLC, Klafter Lesser, LLP, and Murray Plumb & Murray meet the requirements set out in Rule 23(g).

The Court directs notice of the proposed settlement to the class as set forth in the Settlement Agreement. The Notices attached to the Settlement Agreement as Exhs. A, B, C, and D, satisfy the requirements of Rule 23(c)(2)(B) and due process. The notice protocol outlined in the Settlement Agreement is reasonable and consistent with due process.

It is therefore ORDERED as follows:

1. Plaintiffs' Motion is GRANTED. The Settlement of this action is preliminarily approved.

2. Head Law Firm, LLC; Klafter Lesser, LLP; and Murray Plumb & Murray (Plaintiffs' Counsel) are appointed interim class counsel pursuant to Rule 23(g)(3). The Court will make its final decision regarding the appointment of class counsel as part of the Court's consideration of the final approval of the Settlement Agreement pursuant to the criteria described in Rule 23(g)(1).

3. Plaintiff Tasha Vye is preliminarily appointed Class Representative for the Maine Rule 23 Class.

4. Plaintiff Cassandra Baker is preliminarily appointed Class Representative for the Massachusetts Rule 23 Class.

5. Plaintiffs DestinyLynn Sortino and Michael Scott are preliminarily appointed Class Representatives of the New York Rule 23 Class.

6. RG/2 is appointed as the Settlement Administrator to perform the duties set forth in the Settlement Agreement.

7. The Notices attached to the Settlement Agreement as Exhs. A, B, C, and D, are approved. The notice protocol described in the Settlement Agreement (*see* Agmt. ¶ 63, ECF No. 103-2) is also approved. Consistent with the Settlement Agreement, this Order establishes the following deadlines:

a. Within fourteen (14) days after the entry of this Order, Defendant will provide Plaintiffs' Counsel and the Settlement Administrator the Rule 23 Class List, as specified in the Settlement Agreement. *See* Agmt. ¶ 63(a).

b. Within fourteen (14) days after the entry of this Order, Plaintiffs' Counsel will provide the Settlement Administrator and Defense Counsel the FLSA Collective Member List, as specified in the Settlement Agreement. *See* Agmt. ¶ 63(b).

c. Within fourteen (14) days after receipt of the Rule 23 Class List and FLSA Collective Member List (or after receipt of lists that have been corrected as provided for in the Settlement Agreement, *see* Agmt. ¶¶ 63(b), 63(c)), the Settlement Administrator will update mailing addresses through the National Change of Address registry and send by first-class mail and email the applicable Notices to FLSA Collective Members and Rule 23 Class Members. If the Postal Service Returns any Notice to the Settlement Administrator, the Settlement Administrator will proceed as outlined in the Settlement Agreement. *See* Agmt. ¶ 63(c).

8. Those Rule 23 Class Members who wish to exclude themselves from the Settlement Agreement must do so within sixty (60) days of the initial mailing and e-mailing

of the applicable Notices to the Rule 23 Class Members by the Settlement Administrator, as set forth in the Settlement Agreement. *See* Agmt. ¶ 63(g). Any Rule 23 Class Members desiring to exclude themselves from the Settlement must do so in a writing mailed, e-mailed, or faxed by the Rule 23 Class Member to the Settlement Administrator pursuant to the instructions in the applicable Notice. *See* Agmt. ¶ 63(g).

9. Those Rule 23 Class Members who wish to object to the settlement must do so within sixty (60) days of the initial mailing and e-mailing of the applicable Notices to the Rule 23 Class Members by the Settlement Administrator, as set forth in the Settlement Agreement. *See* Agmt. ¶ 63(f). Any Rule 23 Class Member who wishes to object to the Settlement must do so in a writing that states: (1) the name, address, telephone number, and email address of the Rule 23 Class Member and, if represented by counsel, the name, address, and telephone number of the Rule 23 Class Member's counsel; (2) all objections to the Settlement and the factual basis for such objections; and (3) whether the Rule 23 Class Member wants to be heard at the Final Fairness Hearing, either with or without counsel. *See* Agmt. ¶ 63(f). That writing must be mailed, e-mailed, or faxed by the Rule 23 Class Member to the Settlement Administrator pursuant to the instructions in the applicable Notice. *See* Agmt. ¶ 63(f).

10. Pursuant to Rule 23(e)(2), a hearing addressing final approval of the Settlement Agreement will be held on August 18, 2026, at 10:00 a.m., at the U.S. District Court for the District of Maine, Edward T. Gignoux United States Courthouse, 156 Federal Street, Portland, Maine, 04101. During this hearing, the Court will hear from any Rule 23 Class Member who submitted a timely objection to the Settlement (as set forth in the Settlement

Agreement) and wishes to address the Court. The Court will hear argument from counsel regarding, inter alia, the following issues: whether the settlement warrants final approval under Rule 23(e)(2) and 29 U.S.C. § 216(b); whether the Maine Rule 23 Class, Massachusetts Rule 23 Class, New York Rule 23 Class, and FLSA Collective should be certified for settlement purposes only under Civil Rules 23(a) and 23(b)(3) and 29 U.S.C. § 216(b); whether the Class Representative Service Awards and Settlement Administration Costs set forth in the Settlement Agreement should be approved; and whether Plaintiffs' Counsel Award set forth in the Settlement Agreement should be approved under Civil Rule 23(h) and 29 U.S.C. § 216(b).

11. The Parties and the Settlement Administrator shall comply with the deadlines set forth in the Settlement Agreement.

12. No later than seven (7) days before the Final Fairness Hearing, Plaintiffs will file with the Court a motion and supporting memorandum seeking final approval of the Settlement. *See* Agmt. ¶ 69.

In the event the Settlement is not finally approved, or otherwise does not become effective in accordance with the terms of the Settlement Agreement, this Order shall be rendered null and void and shall be vacated, and the parties shall revert to their respective positions as of before entering into the Settlement Agreement. The Court's findings are for purposes of settling this matter and will not have any claim or issue preclusion or estoppel effect in any other action against Defendant or in this action if the Settlement Agreement is not finally approved.

**SO ORDERED.**

Dated this 1st day of April, 2026.

/S/ Lance E. Walker
Chief U.S. District Judge