**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MAINE**

TASHA VYE, DESTINYLYNN SORTINO, MICHAEL SCOTT, and CASSANDRA BAKER, Individually and on Behalf of All Other Persons Similarly Situated,

Plaintiffs,

v.

HANNAFORD BROS. CO., LLC,

Defendant.

Civil Action No.: 2:24-cv-00339-LEW

# **[PROPOSED] FINAL APPROVAL ORDER**

Before the Court is Plaintiffs' Unopposed Motion for Class and Collective Action Settlement Final Approval. For good cause shown, as detailed below, the Motion is GRANTED. The Court ORDERS as follows:

1. **Definitions.** All terms used in this Order have the same meaning as in the Class and Collective Settlement Agreement between the Parties ("the Agreement") that was attached to Plaintiffs' Unopposed Motion for Class and Collective Action Settlement Preliminary Approval (ECF No. 103).

2. **Final Fairness Hearing**. Pursuant to Rule 23(e)(2), the Court held the Final Fairness Hearing on August 25, 2026.

3. **Final Approval of the Agreement.** The Court has reviewed the Agreement and concludes it to be fair, reasonable and adequate, in the best interests of the Rule 23 Class Members and the FLSA Collective Members, and the result of arm's length negotiation by experienced counsel following sufficient discovery. Likewise, the method for determining the individual payments to the Rule 23 Class Members and FLSA Collective Members, as set forth in the

Agreement, is finally approved as a fair, equitable, and reasonable allocation of the Gross Settlement Amount of $8,875,000 (as defined in the Agreement). The Court also finds the releases set forth in the Agreement to be fair and reasonable. Finally the Court holds that the Settlement represents a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions, while obtaining for the FLSA Collective Members an immediate recovery of alleged unpaid wages. Accordingly, the Agreement is granted final approval.

4. **Final Certification of the Rule 23 Classes.** The Court finds that the Maine Rule 23 Class, Massachusetts Rule 23 Class, and the New York Rule 23 Class, as defined in the Agreement, each meet the requirements of Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure. Accordingly, the Court grants final certification to each Class for settlement purposes.

5. **Final Certification of the FLSA Collective.** The Court previously granted conditional certification of the FLSA Collective on September 15, 2025 (ECF No. 56). Notice was sent to 1,296 individuals, of whom 456 individuals filed Consent to Join forms in the case. In addition to those FLSA Collective Members who joined the case, the Settlement offers Rule 23-Absent FLSA Collective Members (as defined in the Agreement) the opportunity to join the case by accepting their FLSA Fund payment in exchange for opting into the Settlement and releasing their FLSA Claims (as set forth in the Agreement). The FLSA Collective Action Members and the participating Rule 23-Absent FLSA Collective Action Members who cash their FLSA Fund payment assert the same claims arising from the same policies of Defendant and are, for purposes of FLSA Collective treatment, similarly situated. Accordingly, the Court grants Final Certification to the conditionally certified FLSA Collective for settlement purposes.

6. **Class Representatives.** The Court makes final the appointments of Plaintiff Tasha

Vye as Class Representative for the Maine Rule 23 Class, Plaintiff Cassandra Baker as Class Representative for the Massachusetts Rule 23 Class, and Plaintiffs DestinyLynn Sortino and Michael Scott as Class Representatives for the New York Rule 23 Class.

7. **Class Counsel.** The Court appoints Plaintiffs' Counsel Head Law Firm, LLC, Klafter Lesser, LLP, and Murray Plumb & Murray, as Class Counsel pursuant to Fed. R. Civ. P. 23(g)(3).

8. **Notices to the Rule 23 Class Members.** The Court determines that Notices were given to the Rule 23 Class Members as required by the Court's Order granting preliminary approval of the Settlement (ECF No. 104). The Court finds that the Notices were the best practical notices under the circumstances and provided all Rule 23 Class Members with fair and adequate notice of the terms of the Settlement, the Fairness Hearing, and the opportunity to object to the Settlement and/or exclude themselves from the Settlement. The Court finds the Notices satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure.

9. **Attorneys' Fees and Litigation Expenses.** The Court approves Plaintiffs' Counsel's requested fees award of $2,958,333 and expense award of $32,168.18, for a total of $2,990,501.18. The Court finds this fee and expense award is justified. The Court finds that this payment requested in Plaintiffs' unopposed motion is reasonable and that Plaintiffs' Counsel shall be awarded the requested amount. Furthermore, the Settlement Administrator shall be awarded $40,850.00 for the Settlement Administration Costs.

10. **Class Representative Service Awards.** The Court approves a Class Representative Service Award to Plaintiff Tasha Vye in the amount of $10,000, and Class Representative Service Awards of $5,000 each to Plaintiffs Cassandra Baker, DestinyLynn Sortino, and Michael Scott, as set forth in the Agreement, for their substantial services for the

benefit of the Rule 23 Class Members and the FLSA Collective Members.

11. **Settlement Payments to the Settlement Class Members.** The Court orders that the remaining funds from the Gross Settlement Amount be distributed to Settlement Class Members as set forth in the Agreement.

12. **Release of Claims.** As of the date this judgment becomes final (meaning that the time for appeal has expired with no appeal taken, all appeals are resolved and none are left pending, or this judgment is affirmed in all material respects after completion of the appellate process), Plaintiffs, Participating Rule 23 Class Members, and FLSA Collective Members are forever barred from bringing or presenting any action or proceeding against any of the Released Parties that involves or asserts any of the applicable released claims as set forth in the Agreement.

13. **Exclusions to the Settlement.** The following Rule 23 Class Member has requested to be excluded from this Settlement and will not participate in the Settlement or be bound by the Settlement: Nina DiAntonio.

14. **Dismissal with Prejudice.** All claims in the Civil Action are DISMISSED WITH PREJUDICE and, except as provided herein, without costs against any Party.

15. **Dispute Resolution.** Without affecting the finality of this judgment, the Court reserves jurisdiction over the implementation, administration, and enforcement of this judgment and the Agreement and all matters ancillary to the same.

16. **Non-Admission.** This Order and the Agreement are not evidence of, or an admission or concession on the part of, the Released Parties with respect to any claim of any fault, liability, wrongdoing, or damages whatsoever.

17. **Order for Settlement Purposes.** The findings and rulings in this Order are made for the purposes of settlement only and may not be cited or otherwise used to support the

certification of any contested class, collective, or subclass in any other action.

**IT IS SO ORDERED.**

________________________________
Lance E. Walker
CHIEF U.S. DISTRICT JUDGE